■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK COSTELLO, Appellant.—Casey, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered July 30, 1984, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Defendant contends that there was insufficient evidence to support the jury's verdict finding him guilty of manslaughter in the second degree, that the trial court erred in its *Sandoval* ruling, and that the trial court erred in refusing to suppress certain physical evidence and defendant's statement to the police. We find no merit in these contentions and, therefore, affirm the judgment of conviction.

The People's proof at trial included testimony establishing that defendant and the decedent engaged in a fistfight, with the decedent apparently having the upper hand; that decedent suddenly fell to the ground, bleeding profusely from a fatal stab wound to the chest; and that defendant ran from the scene. Defendant was apprehended by two observers of the fight and was heard to say, "They're going to put me away for what I done" and "I'm going to pay for what I did." A search of the area revealed a knife several feet from where the decedent had fallen and a knife sheath was discovered along the path taken by the fleeing defendant. The knife and sheath matched the description given by defendant of the knife and sheath that he had with him on the evening of the fight. Blood found on the knife matched the decedent's blood type.

The People's proof, although circumstantial, was sufficient to establish defendant's guilt beyond a reasonable doubt, for the hypothesis of guilt flows naturally from the facts proved and is consistent with them, and those facts exclude to a moral certainty every reasonable hypothesis of innocence (*see, People v Lagana,* 36 NY2d 71, *cert denied* 424 US 942; *People v Benzinger,* 36 NY2d 29; *People v Allen,* 61 AD2d 619, *affd* 48 NY2d 760; *see also, People v La Joy,* 109 AD2d 916; *People v Lewis,* 100 AD2d 669). The only reasonable hypothesis to be drawn from the facts proved by the People is that defendant produced a knife during the course of a fight with the decedent, that he acted recklessly in so doing (Penal Law § 15.05 [3]), resulting in the decedent's death, and that defendant is, therefore, guilty of manslaughter in the second degree (Penal Law § 125.15 [1]). Defendant's reliance upon *People v Montanez* (41 NY2d 53) is misplaced, for the facts of that case are readily distinguishable. "In short, the facts in *Montanez* did not sufficiently rebut the reasonable hypothesis that death resulted from an unavoidable accident, rather than a criminal act" (*People v Licitra,* 47 NY2d 554, 560, n). That the decedent's death herein resulted from an unavoidable accident is not a reasonable hypothesis based upon the evidence adduced at trial. Defendant suggests that the decedent may have inflicted the mortal wound himself during the scuffle, but we do not view this as a reasonable hypothesis either. The nature and location of the decedent's wounds, the location of the knife, defendant's flight and his statements are all inconsistent with this hypothesis.

Next, we find no reversible error in the trial court's ruling which would have permitted the People to question defendant concerning a prior conviction for driving while ability im-

paired and several offenses committed while defendant was in the military. These offenses were different in nature from the crime charged and were relevant on the issue of defendant's credibility (*see, People v Bennette,* 56 NY2d 142).

Lastly, we reject defendant's claim that the trial court committed reversible error in its suppression ruling. Even assuming that the seizure of defendant's clothing from the hospital after defendant had removed it was illegal, the error in refusing to suppress it was harmless (*see, People v Crimmins,* 36 NY2d 230). As to defendant's statements to the police, there is ample evidence in the record to support the trial court's findings that defendant was not in custody and that, in any event, the statements were given voluntarily after defendant had been advised of and waived his *Miranda* rights.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.