■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. MORAHAN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered September 29, 1988, convicting defendant following a nonjury trial of the crime of manslaughter in the second degree.

Defendant was convicted of manslaughter in the second degree following a nonjury trial and was sentenced to an indeterminate prison term of 4 to 12 years. The conviction stemmed from an indictment which charged defendant with manslaughter in the first degree, as well as manslaughter in the second degree, as the result of his stabbing John Melna to death on May 16, 1987.

The facts underlying this tragic incident commenced at about 10:30 P.M. of the preceding evening after defendant had managed to obtain a ride from several of his friends to a beer party that was being held along the Kaydeross Creek in Saratoga County. On the way, defendant displayed the use of his switchblade knife to one of the female passengers, who took it away from him during the ride. Later, when defendant was leaving the party, he reclaimed his knife and continued its possession during a ride from the party to the Cumberland Farms store in the Village of Ballston Spa, where he asked to be dropped off. Six persons occupied the car in which defendant had obtained his ride, and when the car arrived at the store defendant accused the three occupants of the back seat of stealing money from him. A confrontation occurred be-

tween defendant and the deceased outside the vehicle after it stopped, and defendant stabbed the deceased with the knife causing death. Based on these facts, defendant was convicted of manslaughter in the second degree.

On this appeal, defendant contends that the proof offered by the prosecution was legally insufficient to establish the element of recklessness required for that crime by Penal Law § 125.15 (1). Defendant claims that there was no proof that he was "aware" that there was a "substantial and unjustifiable risk" that death would occur as a result of his conduct and that he consciously disregarded that risk. It appears that when defendant accused the occupants of the rear seat of stealing money from him, one of them had urged the others to "kick his ass". Despite this statement there is no indication in the record that the deceased ever took any aggressive action against defendant or did anything other than be the first of the rear seat occupants to exit the car. In our opinion, defendant's act of plunging his switchblade knife into the chest of the unarmed victim in and of itself more than satisfied the requirement that he was "aware" that there was a substantial and unjustifiable risk that death would occur as the result of his conduct and that he consciously disregarded the risk in striking the blow (see, People v Stridiron, 33 NY2d 287, 292; People v Costello, 112 AD2d 478, 479; cf., People v Stanfield, 36 NY2d 467, 471).

In the circumstances the sentence imposed was clearly warranted and there was no abuse of discretion. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.