■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL KARIM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 23, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the statements the defendant made at the scene of the crime. The police officer's pre-*Miranda* inquiries respecting the defendant's address and whether he had keys to secure the apartment where the crime occurred were permissible threshold crime scene inquiries rather than questions intended to elicit an inculpatory statement from the defendant *(see, People v Huffman,* 41 NY2d 29; *People v Pileggi,* 141 AD2d 866). Therefore, the police officer was not obligated to provide the warnings required by *Miranda v Arizona* (384 US 436; *see, People v Huffman, supra)* and the statements were properly admissible.

When a defendant's conviction is based, as in this case, entirely upon circumstantial evidence, the facts from which the inference of his guilt is drawn must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis except that of guilt *(see, People v Way,* 59 NY2d 361). Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the court's failure to charge criminal facilitation was not error since it is not a lesser included offense of any of the offenses charged in the indictment *(see, People v Luther,* 61 NY2d 724; *People v Glover,* 57 NY2d 61; *People v Fischer,* 94 AD2d 706). We also find no improvident exercise of discretion in the prosecutor's

failure to confer full transactional immunity to one of the witnesses in this case *(see, People v Owens,* 63 NY2d 824; *People v Adams,* 53 NY2d 241).

The defendant's allegation that the sentence imposed was excessive is without merit. The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.