■ The People of the State of New York, Respondent, v Seenarine Jagopat, Appellant. [628 NYS2d 763] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered July 9, 1993, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

There is no merit to the defendant's claim that reversible error took place when the trial court examined a prosecution witness. The court is entitled to question witnesses to clarify confusing testimony and to facilitate the orderly and expeditious progress of the trial *(see, People v Yut Wai Tom,* 53 NY2d 44, 57; *People v Moulton,* 43 NY2d 944; *People v Whitehead,* 155 AD2d 567, 568). In the present case, the court's limited examination of the witness served to clarify the testimony and was neither excessive nor partial.

Under the circumstances of this case, the People's delay in disclosing *Brady* material does not warrant reversal. "[A] defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material * * * as evidence during his case" *(People v Cortijo,* 70 NY2d 868, 870). After the People disclosed the *Brady* material during the defense case, the trial court allowed the defense to admit the material into evidence, recall a defense witness for additional examination, and to refer to the material during summation. Further, the defense had the opportunity to recall additional witnesses, including prosecution witnesses, but made no such request. Accordingly, the defendant in this case was afforded a meaningful opportunity to utilize the evidence once it was disclosed by the People, and was not denied a fair trial.

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.