■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VECCHIO, Appellant. [658 NYS2d 720] —White, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 18, 1994, upon a verdict convicting defendant of the crime of assault in the second degree.

The facts underlying defendant's conviction for the crime of assault in the second degree are set forth in *People v Trichilo* (230 AD2d 926, *lv denied* 89 NY2d 931), wherein we resolved certain issues raised by defendant on this appeal. As there is no necessity for us to revisit those issues, we will confine our discussion herein to those issues not raised in *People v Trichilo* (*supra*).

Defendant and his codefendants were associated with the Hell's Angels motorcycle gang, a fact their attorneys assiduously attempted to withhold from the jury. Despite their efforts, the victim, on his redirect testimony, was allowed to impart this information to the jury. Defendant maintains that the admission of this testimony constitutes reversible error as it was unduly prejudicial. Inasmuch as this was the only reference to the Hell's Angels adduced by the People, who thereafter did not take advantage of such testimony and as this proof was probative on the issue of the victim's credibility which defendants had challenged on cross-examination, we find its admission outweighed the potential for prejudice (*see, People v Tai*, 224 AD2d 328, *lvs denied* 88 NY2d 886, 942; *People v Siu Wah Tse*, 91 AD2d 350, 354, *lv denied* 59 NY2d 679). Accordingly, we reject this argument.

Defendant's second claim is that he was entitled to a justification instruction. This instruction is appropriate where, viewing the evidence in the light most favorable to the defendant, a jury, based upon any reasonable view of the evidence, could decide that the defendant's actions were justified (*see, People v Padgett*, 60 NY2d 142, 144-145; *People v Copeland*, 216 AD2d 55, 57). Pursuant to Penal Law § 35.15 (1), a person's use of physical force, which would otherwise be criminal, is not criminal if he or she used such force to defend himself or herself or a third person (*see, People v McManus*, 67 NY2d 541, 545). Generally, the force permitted is related to the degree of force reasonably believed necessary to repel the threat (*see, Matter of Y. K.*, 87 NY2d 430, 433). Applying these standards, County Court did not err in refusing defendant's request for a justification charge since, under these circumstances, his use of a dangerous instrument against an unarmed individual cannot be viewed as anything other than an excessive use of force, thereby precluding the defense of justification (*see, People v Perez*, 213 AD2d 682, 682-683, *lv denied* 86 NY2d 739; *People v Sylvestri*, 161 AD2d 361, *lv denied* 76 NY2d 866; *People v Rosado*, 123 AD2d 649, *lv denied* 69 NY2d 716).

Defendant's contention that his conviction is tainted by the People's violation of the *Rosario* and *Brady* rules is baseless. A

statement made by John Trendall, who witnessed the incident, does not fall within the *Rosario* rule as he was not a witness at trial (*see, People v Kelly*, 88 NY2d 248, 251). Nor can his statement support a claimed violation of the *Brady* rule since it was delivered to defendant during trial, thereby providing him with a meaningful opportunity to use it; however, he made no attempt to do so by, for example, requesting an adjournment or calling Trendall as a witness (*see, People v Jagopat*, 216 AD2d 583, *lv denied* 87 NY2d 847; *People v Brown*, 216 AD2d 670, 674, *lv denied* 86 NY2d 791). Because the other items of alleged *Brady* material fall within defendant's generalized request, their nondisclosure, assuming they are *Brady* material, will result in a reversal only if there is a reasonable probability that, had the materials been disclosed, the result of the trial would have been different (*see, People v Peralta*, 225 AD2d 50, 53, *lv denied* 89 NY2d 945). Based upon our review of the record, such a probability does not exist in this case.

Defendant's next contention is that the verdict is against the weight of the evidence because the trial testimony raises the possibility that another individual may have committed the acts attributed to him. Because we accord great deference to the jury's resolution of credibility issues and the weight it accorded the evidence, the mere presence of a credibility issue does not vitiate a verdict unless the jury's determination is clearly unsupported by the record (*see, People v Washington*, 226 AD2d 749, 750, *lv denied* 88 NY2d 943; *People v Van Nostrand*, 217 AD2d 800, 803, *lv denied* 87 NY2d 851). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence as it is supported by the testimony of the People's witnesses, particularly the victim and Paul Gentile, an eyewitness.

Lastly, although we have broad plenary power to modify a sentence (*see, People v Delgado*, 80 NY2d 780, 783), we do not exercise it where, as here, the sentencing court did not abuse its discretion or there are no extraordinary circumstances warranting modification (*see, People v Parker*, 220 AD2d 815, 817, *lv denied* 87 NY2d 1023). Therefore, we decline to disturb defendant's sentence.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).