■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER BROWN, Appellant. [673 NYS2d 216] —Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Sheridan, J.), rendered December 14, 1994, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree.

In the evening hours of March 18, 1994, defendant and codefendant Sharon Drake sold cocaine from their apartment in the City of Kingston, Ulster County, to undercover police officer Paul Comesanos, who was wired with a transmitting device. Both defendant and Drake were arrested by backup officers immediately following the transaction. Defendant was convicted after a jury trial of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree and was sentenced as a second felony offender to concurrent prison terms of 5 to 10 years for the drug conviction and 2 to 4 years for the conspiracy conviction. Defendant appeals and we affirm.

Contrary to defendant's argument, the evidence at trial was legally sufficient to convict him of the charged crimes. Specifically, on the day in question, Drake yelled down to Comesanos from a second floor apartment and indicated that she could sell him cocaine. Drake admitted Comesanos into the building and escorted him to an upstairs apartment where he was introduced to defendant. Drake and Comesanos negotiated the sale and Drake informed Comesanos that she would have to leave the

apartment to get the cocaine. When Comesanos expressed his concern about letting Drake leave with his money, both Drake and defendant assured him that Drake would return. Drake then left the apartment and Comesanos was left alone with defendant for approximately 5 to 10 minutes. During this time, defendant reassured Comesanos that he and Drake conducted business in an honest manner and that he would not "get ripped off". Defendant stated, "Anytime you want something you come here." Defendant also warned Comesanos how to hide the drugs when he left the apartment. Thereafter, Drake returned with the cocaine which she handed to Comesanos. Before Comesanos left, defendant looked out the window to ensure that no police were nearby. Comesanos' version of events was supported by the testimony of the backup officers, the audiotape and the transcript of the audiotape.[1]

In our view, this evidence constituted legally sufficient proof of the charged crimes and, in particular, defendant's accessorial liability for the drug sale. "The standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'" (*People v Contes*, 60 NY2d 620, 621, quoting *Jackson v Virginia*, 443 US 307, 319 [emphasis in original]). Here, while it is true that defendant never personally handled the cocaine, it is clear from his actions and statements during the negotiations that he was aware that a sale of cocaine was occurring and was, in fact, actively involved in ensuring the success of the transaction. With respect to the conspiracy conviction, we find that defendant's participation in the sale, along with his description to Comesanos of the cleverness of the scheme he and Drake employed to sell drugs away from the "heat" (i.e., police presence) in the street, was sufficient to constitute "evidence that defendant entered into an agreement, either express or implied, to commit a crime" (*People v Givens*, 181 AD2d 1031, *lv denied* 79 NY2d 1049).

Viewing this evidence in a neutral light while giving due deference to the jury's assessment of credibility (*see, People v Rosa*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 793, 801), we must conclude that the verdict convicting defendant of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree was not against the weight of the evidence.

---

1. Comesanos conducted the drug transaction in broken Spanish and the transcript contained an English translation.

Next, defendant objects to County Court's admission of the unredacted audiotape and transcript of the drug transaction based on an apparent reference to a 1973 robbery conviction that had been deemed inadmissible pursuant to County Court's earlier *Sandoval* ruling. The challenged statement occurred when defendant and Comesanos were conversing while Drake was retrieving the cocaine. At that time, defendant made a vague statement bragging about his knowledge of the legal system, stating that he "just got out of prison, twenty years". Notably, defendant did not object to admission of the audiotape at trial and made only a limited objection to the admission of the transcript on an issue unrelated to the *Sandoval* issue.[2] Defendant failed to object when County Court allowed defendant's comment concerning the alleged prison sentence to be heard by the jury. Accordingly, defendant's claim that County Court impermissibly admitted the entire audiotape and transcript into evidence without redaction is not preserved for appellate review (*see, People v Michalek*, 82 NY2d 906, 907). In any event, we find no basis for reversal in the interest of justice. Assuming, arguendo, that defendant correctly maintains that the reference to his prior incarceration could have easily been redacted without distorting the meaning of the tape or confusing the jury, we conclude that such error was harmless given defendant's other statements and actions which amply demonstrated his criminal liability (*see, People v McCalla*, 243 AD2d 819, *lv denied* 91 NY2d 835).

We have examined defendant's remaining objections to County Court's trial rulings and similarly conclude that they are without merit. Defendant challenges County Court's *Sandoval* ruling which would have allowed testimony concerning defendant's 1987 misdemeanor conviction for obstructing governmental administration, a 1990 felony conviction for conspiracy in the fourth degree[3] and a 1992 misdemeanor conviction for coercion, but not the underlying facts of any conviction. Contrary to defendant's assertion, we do not find these prior convictions to be so remote as to be prejudicial; instead, they appropriately demonstrated defendant's willingness to place his own interest above those of society (*see, People v Trichilo*, 230 AD2d 926, 928, *lvs denied* 89 NY2d 925, 930, 931). As for

**2.** Defendant objected to the admission of the transcript based on the fact that Comesanos transcribed the tape himself and provided the translation for the Spanish words used therein (*see, People v Reynolds*, 192 AD2d 320, *lv denied* 81 NY2d 1079), an issue not pursued on appeal.

**3.** Due to the similarity between defendant's prior felony conviction and the count of conspiracy in the fourth degree in the subject case, the People only sought to ask defendant "if he was convicted of a felony on that date".

County Court's denial of defendant's request to charge the crime of criminal facilitation in the fourth degree, we find no error and note that this crime is not a lesser included offense of criminal sale of a controlled substance in the third degree (*see, People v Karim*, 172 AD2d 625, *lv denied* 77 NY2d 997). Furthermore, it was not erroneous for County Court to deny his request to charge Penal Law § 20.10 as that statutory provision is inapposite to the subject factual situation (*see, People v Manini*, 79 NY2d 561).

Finally, we are unpersuaded by defendant's claim that his sentence was harsh and excessive. The sentences imposed fell within statutory guidelines and are appropriate given the nature of defendant's criminal activity and the lack of extraordinary circumstances presented in the record (*see, People v Kitchings*, 239 AD2d 665, *lv denied* 90 NY2d 860).

Cardona, P. J., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.