(July 15, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KINDRED, Appellant. [693 NYS2d 689] —Peters, J. P. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered August 25, 1997, upon a verdict convicting defendant of two counts of the crime of burglary in the first degree.

In the early morning hours of September 3, 1996, Cynthia Begg discovered an intruder in the living room of her apartment. She confronted him and screamed at him to leave. He grabbed her, threw her onto a futon and put his hand over her mouth. He then began to repeatedly jab at her with a sharp object, threatening to kill her if she did not stop screaming. He thereafter fled. Two of her neighbors heard her cries for help and one saw the intruder exit through the hallway. Begg was treated at Albany Medical Center for scrapes, scratches, bruises, a bump on her head and a hand wound.

Based upon her description of the perpetrator, a police investigation identified defendant as a potential suspect. His picture was included in a photo array from which Begg picked him as her attacker. Arrested, charged and ultimately convicted of two counts of burglary in the first degree (see, Penal Law § 140.30 [2], [3]) following a jury trial, defendant was sentenced to two concurrent indeterminate terms of imprisonment of 10 to 20 years. He appeals.

We affirm. Reviewing the legal sufficiency of the evidence and viewing the evidence in a light most favorable to the People, we conclude that Begg's testimony was sufficient to establish each and every element of the crimes. Further finding that there existed a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury (see, People v Bleakley, 69 NY2d 490, lv denied after remand 72 NY2d 856), its determination will remain undisturbed.

Defendant's challenge to the identification procedure is unavailing. The police presented Begg with eight photos of African-American males who looked similar to defendant and

had the same kind of hair. This showing, in our view, eliminated any contention that the photo array was unduly suggestive (*see*, *People v Hunter*, 227 AD2d 797).

We further find no basis upon which County Court should have instructed the jury on the charge of burglary in the second degree. A trial court is not required to submit a lesser included charge where no reasonable view of the evidence supports a finding that the defendant committed the lesser but not the greater offense (*see*, *People v Glover*, 57 NY2d 61, 63). While Begg testified that she did not see the object that was used to jab at her, no reasonable view of the evidence presented to the jury could have supported a finding that defendant committed the lesser offense but not the greater (*see*, *People v Martin*, 59 NY2d 704).

Having considered and rejected defendant's remaining allegations of prosecutorial misconduct, ineffective assistance of counsel and *Sandoval* error, we next address defendant's challenge to his sentence as harsh and excessive. Acknowledging that this conviction was defendant's first felony, the record highlights that his criminal history is extensive. With neither short-term incarceration nor probation proving to be successful at quelling his aberrant behavior, we must conclude that since the sentence falls within permissible statutory ranges and no extraordinary circumstances were presented, there exits no basis upon which we would disturb it (*see*, *People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014).

Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.