■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL McGLOCTON, Appellant. [699 NYS2d 763] —Graffeo, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 30, 1998, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant's conviction emanated from the sale of cocaine to a confidential informant working with the Chemung County Sheriff's Department. At the conclusion of a jury trial, defendant was found guilty of criminal sale of a controlled substance in the third degree and sentenced to an indeterminate prison term of 3 to 9 years.

Defendant appeals, contending that her conviction was not supported by legally sufficient evidence. The determination of legal sufficiency is based on "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495; *see, People v White*, 261 AD2d 653). Here, the confidential informant testified that she made a telephone call to a suspected drug dealer and set up a meeting with him at a local motel. The police equipped the informant with a body wire, subjected her person and automobile to a search and provided her with $50 in marked money prior to the anticipated transaction. Thereafter, she drove to the motel's parking lot where she encountered a woman who waved her down and approached her automobile. The woman indicated that she was doing a favor for the dealer and handed the informant a substance, which was later determined to be crack cocaine, in exchange for $50.

The informant identified defendant from a photo array as the individual who sold her the drugs and she later made an in-court identification of defendant. A City of Elmira police officer working with the Chemung County Drug Enforcement Unit testified that he observed the confidential informant drive into the motel parking lot and saw defendant in the motel's office at that time. Defendant left the office and headed to the back of the office, at which time he lost sight of defendant. He then watched defendant return to the office shortly after he was radioed that the "deal was done". This officer also made an in-court identification of defendant. There was further testimony by another police officer who listened to the electronic relay of the transaction as it was taking place. A forensic scientist with the State Police Crime Lab testified that the substance acquired by the informant was determined to be cocaine and procaine. Based on the foregoing, and viewing the evidence in

a light most favorable to the prosecution (*see, People v Harper*, 75 NY2d 313, 316-317), we conclude that the evidence presented was sufficient to establish that defendant was guilty of the charged crime (*see, People v Mosley*, 252 AD2d 744, *lv denied* 92 NY2d 950). Furthermore, upon a review of the evidence in a neutral light, we find that the verdict was not against the weight of the evidence (*see, People v Brown*, 249 AD2d 835).

Next, defendant's assertion that County Court erred in refusing to suppress the identification of her is unavailing. The *Wade* hearing transcript demonstrates that neither the procedure used, nor the composition of the array, was unduly suggestive (*see, People v Hough*, 263 AD2d 761; *People v Kindred*, 263 AD2d 672). Furthermore, in the absence of demonstrable prejudice, the fact that the informant's identification of defendant in the photo array occurred five days after her initial encounter with defendant was inconsequential (*see, People v Parker*, 257 AD2d 693).

We also find no abuse of discretion in County Court's *Sandoval* ruling which determined that defendant could be questioned with respect to a 1991 arson conviction and a 1997 bad check conviction on the basis that these charges manifested a willingness on the part of defendant to place her interests above those of society and were probative with respect to her credibility (*see, People v Williams*, 256 AD2d 661, *lv denied* 93 NY2d 981; *People v Trichilo*, 230 AD2d 926, 928, *lv denied* 89 NY2d 931; *see also, People v Brown*, 249 AD2d 835, *supra*).

Lastly, defendant's sentence was within permissible statutory ranges and we find no extraordinary circumstances warranting this Court's intervention, especially in light of defendant's extensive criminal record (*see, People v Kindred*, *supra*, at 673).

Defendant's remaining contentions have been considered and found to be lacking in merit.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.