■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CRUICKSHANK, Appellant. [716 NYS2d 488] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of two counts of robbery in the first degree (Penal Law § 160.15 [1], [3]), four counts of assault in the first degree (Penal Law § 120.10 [1], [4]) and other crimes arising from his involvement with three others in an incident in which four people were beaten and one of them robbed. We reject defendant's contention that Supreme Court erred in refusing to instruct the jury on the defense of justification. By defendant's own version of events, only defendant and his companions were armed. Even if the victims initiated the altercation, the force employed by defendant and his companions far exceeded that which was necessary to defend themselves. There is no reasonable view of the evidence, when viewed in the light most favorable to defendant, establishing the elements of a justification defense (see, People v Reynoso, 73 NY2d 816, 818; People v Vecchio, 240 AD2d 854, 855; People v Cleveland, 235 AD2d 929, 930, lv denied 89 NY2d 1090; People v Counts, 214 AD2d 897, 897-898, lv denied 86 NY2d 792).

The court also properly denied defendant's request to charge grand larceny in the fourth degree and petit larceny as lesser included offenses of robbery in the first degree. Grand larceny in the fourth degree is not a lesser included offense of robbery in the first degree (see, People v Garcia, 219 AD2d 669, 669-670, lv denied 87 NY2d 901), and there is no reasonable view of the evidence, viewed in the light most favorable to defendant, that defendant committed petit larceny and not robbery (see, People v Scott, 204 AD2d 995, 996, lv denied 84 NY2d 939). By all accounts, force was used to take the money from one of the victims pursuant to a preconceived plan to which defendant was a party. Defendant's contention that the money was taken as an "afterthought" is sheer speculation.

We further reject the contention of defendant that he was denied a fair trial by the multiple jury procedures utilized by the court (see, People v Brockway, 255 AD2d 988, lv denied 93 NY2d 967), and we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present— Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.