■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARIM MARZUG, Appellant. [721 NYS2d 220] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). We held the case, reserved decision and remitted this matter to Onondaga County Court for a reconstruction hearing on the issue "whether defendant, while off-the-record, affirmatively waived his right to be present at the sidebar discussions [with prospective jurors]" (*People v Marzug*, 270 AD2d 945, 946). At that hearing, a dispute arose over the accuracy of the trial record and, as part of the reconstruction hearing, the court settled the record. The court determined that the court reporter failed to note defendant's presence at the sidebar discussions, and thus a waiver was unnecessary inasmuch as defendant actually was present. Although defendant contends that the court exceeded the scope of the remittal, "[a] party to an appeal is entitled to have his case show the facts as they really happened on the trial, and should not be prejudiced by an error or an omission of the stenographer" (*People v Buccufurri*, 154 App Div 827, 828; *see, People v Laracuente*, 125 AD2d 705, 706). We conclude that, despite the limited remittal, the court properly settled the record to reflect what actually transpired (*see, People v Martinez*, 115 AD2d 768, 769; *see also*, 1 Newman, New York Appellate Practice § 5.04 [3] [a]).

The remainder of the issues raised by defendant on appeal concern the jury trial. We conclude that defendant's request for a justification charge was properly denied because no reasonable view of the evidence establishes the elements of that defense (*see, People v Jackson*, 236 AD2d 821, *lv denied* 91 NY2d 893). Defendant's "use of a dangerous instrument against an unarmed individual cannot be viewed as anything other than an excessive use of force, thereby precluding the defense of justification" (*People v Vecchio*, 240 AD2d 854, 855).

Defendant contends that the conviction of manslaughter in the first degree should be reversed because the evidence is legally insufficient to establish that he acted "[w]ith intent to cause serious physical injury" (Penal Law § 125.20 [1]). Defendant, however, stabbed the victim in the neck with a knife, and the jury was permitted to infer the requisite intent from the facts and circumstance of the killing itself (*see*, 1 CJI[NY] 9.41; *see also, People v Caruso*, 246 NY 437, 445; *People v Suero*, 235 AD2d 357, *lv denied* 89 NY2d 1101).

Defendant's contention that the prosecutor improperly

impeached a prosecution witness is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Defendant further contends that the prosecutor violated a pretrial ruling limiting the scope of cross-examination of character witnesses. Defendant objected only to the form of the questions asked those witnesses, and thus did not preserve his present contention for our review (*see*, CPL 470.05 [2]). In any event, that contention lacks merit.

Defendant contends that the prosecutor improperly used his pretrial silence to impeach his testimony. The court sustained defendant's objections to the questions before defendant answered them, however, and thus alleviated any prejudice to defendant (*see, People v Burton*, 278 AD2d 910). Defendant further contends that he was denied a fair trial by alleged instances of misconduct by the prosecutor on summation. With respect to the single instance of misconduct that is preserved for our review, the court sustained defendant's objection and gave curative instructions, thereby alleviating any possible prejudice (*see, People v Fonder*, 211 AD2d 445, 446, *lv denied* 85 NY2d 938). We decline to exercise our power to review the remainder of defendant's contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Contrary to defendant's contention, the court did not abuse its discretion in admitting a photograph of the victim's wound in evidence. The photograph was relevant on the issue of intent (*see, People v Wilson*, 262 AD2d 1045, *lv denied* 94 NY2d 831). Also contrary to the contention of defendant, after he admitted the allegations of a special information, "no evidence in support thereof [was] adduced by the people" (CPL 200.60 [3] [a]).

Defendant contends that the court erred in allowing cross-examination of character witnesses concerning defendant's previous criminal acts. "A defense witness who has not testified as a character witness on direct examination may not be cross-examined about the defendant's criminal record * * * However, once the defendant has introduced character evidence, the People may question the defense witness about whether he or she has heard of the defendant's previous criminal acts, since such questions are relevant to the ability of the character witness to accurately reflect the defendant's reputation in the community" (*People v Jones*, 278 AD2d 246, 247).

Defendant's contentions concerning the supplemental instructions given the jury during deliberations are not preserved for our review (*see*, CPL 470.05 [2]), and we decline

to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). We reject the contentions that defendant was denied a fair trial as a result of cumulative error and that the sentence is unduly harsh or severe. (Resubmission of Appeal from Judgment of Onondaga County Court, Mulroy, J.—Manslaughter, 1st Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Kehoe, JJ.