■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT CARTER, Appellant. [724 NYS2d 860] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered May 5, 1999, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him to a term of 4½ to 13½ years, unanimously affirmed.

The court properly declined to submit criminally negligent homicide to the jury as a lesser included offense of manslaughter in the second degree, since even when viewed most favorably to defendant, there was no reasonable view of the evidence that defendant merely failed to perceive the risk of death that would result from defendant's use of a knife against the victim (see, People v Stanfield, 36 NY2d 467).

We perceive no basis for reduction of sentence. Concur— Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.

■ In the Matter of the Estate of HAROLD L. GOODMAN, Deceased. THOMAS GOODMAN et al., Appellants; SUZANNE GOODMAN et al., Respondents. [725 NYS2d 334] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about July 12, 2000, which, in an estate accounting, awarded interest to the surviving spouse on the value of her elective share, and directed that she receive one third of an estate tax refund and of any interest paid thereon by the IRS, unanimously affirmed, with costs.

The Surrogate correctly held that the parties' first stipulation, which provided for "interest on the pecuniary value of [the surviving spouse's] elective share in an amount * * * to be determined by the Court," was not superseded by the second stipulation, which provided for the estate's payment of a sum certain "in full satisfaction of the balance of the surviving spouse's elective share." The second stipulation only addressed matters arising after the first, and the record does not indicate that the second stipulation actually factored in negotiations that resolved the interest issue left unresolved in the first. Concerning the tax refund, the only fair reading of the parties' stipulation, which provided that the elective share was to be "subject to further adjustment pending the outcome of the federal tax audit," is that any refund was to be included in the value of the estate, and one third thereof distributed to the surviving spouse. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.