■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAUREL K. WILCOX, Appellant. [788 NYS2d 503]—

Crew III, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 5, 2003, upon a verdict convicting defendant of the crimes of gang assault in the second degree and grand larceny in the fourth degree.

Defendant and the victim had a short and fractious relationship culminating in a tragic ending in the early morning hours of August 16, 2002. In the evening of August 15, 2002, defendant and the victim got into a fight while in defendant's car. Defendant pulled the car to the side of the road, ordered the victim out and handed him her cell phone so he could call for a ride. The victim then left the area with defendant's cell phone and failed to respond to defendant's request that he return the phone. Thereafter, defendant drove to the home of one Bradley Miles to seek his assistance in retrieving her phone. While at Miles' home, she spoke with Miles and his friend, Jason Jones, and it was decided that Miles and Jones would lay in wait while defendant lured the victim to them, at which point they would administer a beating. While en route to the victim's home, defendant, Miles and Jones stopped at a Hess gas station, where they met three teenagers who they enlisted to assist them. Defendant then went to the victim's home and asked him to walk with her to a stop sign several houses away. Along the way, the victim apparently saw three people hiding in the bushes and turned to run back to his home. At that point, defendant shouted, "get him, get him, get him," and the three people in the bushes ran after the victim. At about the same time, two other individuals emerged from the side of the victim's house blocking his path to the front door. Now surrounded by five people, the victim was picked up by Miles, who slammed the victim's head into the ground, as the result of which the victim was rendered a paraplegic. Defendant then took the victim's wallet and all the participants left the area.

Defendant was indicted and charged with gang assault in the first degree, gang assault in the second degree and grand larceny in the fourth degree. Following a jury trial, defendant was found guilty of the crimes of gang assault in the second degree and grand larceny in the fourth degree and was sentenced to consecutive sentences of 15 years and 1$^{1}$/$_3$ to 4 years, respectively. Defendant now appeals.

Contrary to defendant's assertion, the verdict was neither

legally insufficient nor against the weight of the evidence (*see e.g. People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's assertions in this regard primarily are premised upon the claim that the evidence adduced by the People came from accomplices and that their testimony was uncorroborated. We disagree. Clearly, much of the People's case was developed through accomplice testimony. However, such testimony was adequately corroborated by means of the victim's own testimony, as well as other circumstantial evidence.

We likewise find unpersuasive defendant's contention that County Court erred in excluding expert testimony regarding battered women's syndrome. As has been observed, battered women's syndrome is not itself a defense but, rather, is relevant in the context of self-defense (*see People v Seeley*, 186 Misc 2d 715, 721-722 [2000]). As noted by County Court, the defense of self-defense was unavailable here because defendant was the initial aggressor. Accordingly, County Court properly determined that there was no basis for introduction of evidence concerning battered women's syndrome. We have considered defendant's remaining contentions and find them to be either without merit or, as to those with merit, harmless error.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.