█ The People of the State of New York, Respondent, v Rachel Artica, Appellant. [833 NYS2d 825]—

Appeal from a judgment of the Supreme Court, Monroe County (Thomas M. VanStrydonck, J.), rendered December 13, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1], [2]). Contrary to the contention of defendant, the evidence is legally sufficient to establish the element of intent with respect to each count of assault, i.e., her intent to cause serious physical injury and to disfigure the victim (*see People v Stoby*, 4 AD3d 766, 766-767 [2004], *lv denied* 2 NY3d 807 [2004]; *see generally People v Tedesco*, 30 AD3d 1075, 1076 [2006], *lv denied* 7 NY3d 818 [2006]), and the evidence otherwise is legally sufficient to establish the remaining elements of each count of assault (*see People v Gagliardo*, 283 AD2d 964, 964 [2001], *lv denied* 96 NY2d 901 [2001]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence with respect to either count (*see generally Bleakley*, 69 NY2d at 495). We further conclude that Supreme Court properly denied defendant's request for a justification charge because "no reasonable view of the evidence establishes the elements of that defense" (*People v Marzug*, 280 AD2d 974, 974 [2001], *lv denied* 96 NY2d 904 [2001]; *see People v Jackson*, 236 AD2d 821 [1997], *lv denied* 91 NY2d 893 [1998]). "Defendant's 'use of a dangerous instrument against an unarmed individual cannot be viewed as anything other than an excessive use of force, thereby precluding the defense of justification' " (*Marzug*, 280 AD2d at 974, quoting *People v Vecchio*, 240 AD2d 854, 855 [1997]). Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.