(July 14, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA L. HARTMAN, Appellant. [926 NYS2d 746]—

Lahtinen, J.

The background facts are set forth more fully in our decision reversing defendant's conviction after her first trial (*People v Hartman*, 64 AD3d 1002 [2009], *lv denied* 13 NY3d 860 [2009]). Briefly, the acrimonious relationship of defendant and her paramour was marked by each individual frequently assailing the other verbally and physically. During the course of one of their many disagreements, defendant stabbed her paramour in the back with a butcher knife as he was kneeling on the floor. After giving varying stories to rescue personnel and police, she eventually testified at trial that she intended only to "poke" him enough to scare him. He died as a result of the injury. Upon retrial after reversal, a jury convicted defendant of manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the third degree. She was sentenced, as a predicate felon, to concurrent prison terms of 20 years and five years of postrelease supervision for manslaughter and assault, and 3 to 6 years for criminal possession of a weapon. Defendant appeals.

We consider first defendant's argument that County Court erred in not granting her request to give the jury a justification charge. "This instruction is appropriate where, viewing the evidence in the light most favorable to the defendant, a jury, based upon any reasonable view of the evidence, could decide that the defendant's actions were justified" (*People v Vecchio*, 240 AD2d 854, 855 [1997] [citations omitted]). As relevant here, when a defendant employs deadly physical force, the defendant must reasonably believe that the victim is using or about to use deadly physical force (*see* Penal Law § 35.15 [2] [a]; *People v Goetz*, 68 NY2d 96, 106 [1986]). There are both subjective and objective components to the justification defense (*see People v Umali*, 10 NY3d 417, 425 [2008], *cert denied* 556 US —, 129 S Ct 1595 [2009]).

Initially, we note that defendant employed deadly physical force as she admitted stabbing the victim with sufficient force for the knife to penetrate into his back, and he died as a result of that stab wound. Defendant testified at trial that, on the evening of the stabbing, the victim had called her vulgar names, pushed and slapped her, and thrown foot powder in her face. On cross-examination, she acknowledged that the victim had not threatened her with any type of dangerous instrument or indicated that he planned to use deadly physical force against

her. Defendant agreed that the victim did not possess a dangerous instrument during the evening and her own testimony failed to demonstrate that she believed the victim posed an imminent risk of using deadly physical force on her. She nevertheless approached the victim from behind, stabbing him in the back as he was unarmed and on his hands and knees looking for something on the floor. In light of the proof at trial, County Court did not err in refusing to charge justification (*see People v Artica*, 39 AD3d 1186, 1187 [2007]; *People v Vecchio*, 240 AD2d at 855).

Defendant asserts that County Court improvidently exercised its discretion when it ruled, after she had testified, that it would not permit her to produce an expert regarding battered person syndrome. We are unpersuaded. "[B]attered person syndrome, while not a defense in its own right, is 'relevant in the context of self-defense' " (*People v Hartman*, 64 AD3d 1002, 1005 [2009], *lv denied* 13 NY3d 860 [2009], quoting *People v Wilcox*, 14 AD3d 941, 943 [2005], *lv denied* 4 NY3d 837 [2005]; *see* J. Myers, Myers on Evidence in Child, Domestic & Elder Abuse Cases § 10.02). Here, the evidence at trial, including defendant's own testimony, undermined her claim of self-defense (*see People v Wilcox*, 14 AD3d at 943). Moreover, battered person syndrome typically involves the extensive use of physical and/or psychological abuse by one person in a relationship against the other (*see generally* Erin D. Masson, Annotation, *Admissibility of Expert or Opinion Evidence of Battered-Woman Syndrome on Issue of Self-Defense*, 58 ALR5th 749, § 2 [a]), and defendant acknowledged a tumultuous eight-year relationship in which, among other things, sometimes she would initiate violence and inflict wounds upon the victim and at other times he was the initial aggressor.

Finally, defendant contends that the sentence is harsh and excessive. We cannot agree. County Court set forth in detail its reasons for the sentence it imposed, which was less than the maximum permissible sentence. Defendant has failed to show an abuse of discretion by County Court or extraordinary circumstances warranting a reduction of her sentence in the interest of justice (*see People v Peryea*, 68 AD3d 1144, 1147 [2009], *lv denied* 14 NY3d 804 [2010]; *People v Portee*, 56 AD3d 947, 950 [2008], *lv denied* 12 NY3d 820 [2009]).

Peters, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.