# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1418**
**KA 10-00798**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LASHAY N. TUBBS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HARRIS BEACH PLLC, PITTSFORD (SVETLANA K. IVY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 18, 2010. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]), based on her conduct in stabbing the victim in the neck with a knife. Contrary to defendant's contention, County Court properly denied her request to charge the jury on the defense of justification. There is "no reasonable view of the evidence, viewed in the light most favorable to defendant, to support a justification defense" (*People v Hall*, 48 AD3d 1032, 1033, *lv denied* 11 NY3d 789). A defendant may use deadly physical force only if he or she reasonably believes that the other person is using or about to use deadly physical force (*see* § 35.15 [2]). Here, in her statement to the police, defendant stated that she told her live-in boyfriend that she wanted him to move out of their residence immediately, and she started grabbing his clothes out of the closet. They began pushing each other, and he told her to leave his belongings alone. The record establishes that, at some point, the victim called 911 and said he needed the police to come to the residence. Before the call was disconnected, the victim was heard saying, "If you stab me with that knife, we are going to have a problem." In her statement to the police, defendant stated that she was not in the room when the victim made that telephone call. She said that she went to the kitchen and grabbed a knife, telling the victim to leave her alone. She said that the victim came toward her with his arms raised, and she swung the knife three or four times, stabbing him in the neck. Defendant told the police that the victim was unarmed and that, prior to the

incident, they had never argued.  She also stated that the victim had never pushed or hit her, nor had he raised his voice to her.  We conclude based on that evidence that "the force employed by defendant . . . far exceeded that which was necessary to defend [herself]" (*People v Cruickshank*, 277 AD2d 1043, 1043, *lv denied* 96 NY2d 799; *see People v Marzug*, 280 AD2d 974, 974, *lv denied* 96 NY2d 904).

Contrary to defendant's further contention, the court properly denied her request to charge criminally negligent homicide as a lesser included offense inasmuch as there was no reasonable view of the evidence, viewed in the light most favorable to defendant, "that defendant merely failed to perceive the risk of death that would result from defendant's use of a knife against the victim" (*People v Carter*, 283 AD2d 371, 371; *see People v Randolph*, 81 NY2d 868, 869). Defendant's contention that the court erred in handling a note received from a juror during the trial is not preserved for our review (*see generally People v Nealon*, 26 NY3d 152, ___; *People v Starling*, 85 NY2d 509, 516), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court