■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BARBOT, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Ritter, J.), rendered February 22, 1985, convicting him of attempted criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726); the facts have been considered and determined to have been established; and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Orange County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the Sheriff of Orange County pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]); the securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resumbit the case to a Grand Jury, (b) arraignment of the defendant upon

an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Orange County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

The defendant was indicted and tried on one count of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) after the police seized over 17 ounces of cocaine from the basement of a two-family house in which the defendant resided. At the trial, the principal strategy pursued by the defense counsel was to attack the People's evidence that the defendant possessed the cocaine by, in essence, endeavoring to show that many people other than the defendant had access to the basement in which the cocaine was found. However, after the close of the evidence, defense counsel requested that the trial court charge the jury on attempted criminal possession of a controlled substance in the first degree as a lesser included offense of criminal possession of a controlled substance in the first degree. Although attempted criminal possession of a controlled substance in the first degree is a lesser included offense of criminal possession of a controlled substance in the first degree (see, CPL 1.20 [37]), both crimes constitute class A-1 felonies (Penal Law § 110.05 [1]; § 220.21 [1]), and, accordingly, both expose the offender to the same range of sentence (Penal Law § 70.00 [2] [a]; [3] [a] [i]).

Consequently, by requesting and receiving a jury charge on attempted criminal possession of a controlled substance in the first degree, the defense counsel doubled the number of A-1 felonies of which the jury could find the defendant guilty. The jury returned a verdict of not guilty of criminal possession of a controlled substance in the first degree, but guilty of attempted criminal possession of a controlled substance in the first degree. The prejudice to the defendant occasioned by the defense counsel suggesting a second A-1 felony was compounded by the defense's counsel's statement during his opening remarks that "maybe we can say the [defendant] attempted to do this", by the elicitation of damaging evidence during cross-examination of one of the officers who seized the cocaine from the defendant's home, and by the failure to accept the offers by the trial court to charge the jury to

consider whether a confession made by the defendant to the police was voluntary, and whether the confession was corroborated (CPL 60.50). Viewed in its entirety, the record demonstrates that the defendant was not "provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147).

In view of the fact that the defendant was acquitted of the charge for which he was indicted, there can be no further prosecution under this indictment and it must be dismissed *(see, People v Gonzalez,* 61 NY2d 633). However, as the reversal of the defendant's conviction is based solely on legal grounds, the People are hereby given leave to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics, supra; People v Gonzalez, supra; People v Mayo,* 48 NY2d 245). Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.