■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 4, 1987, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him,

forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]); the securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury; (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury; (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof; or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury. The facts have been considered and are determined to have been established.

The defendant was indicted on charges of assault in the first degree, attempted grand larceny in the third degree, and criminal possession of a weapon in the fourth degree, and was acquitted, after a jury trial, of all of those charges. However, the defendant was convicted of assault in the second degree, which was submitted to the jury as a lesser included offense.

The evidence adduced by the prosecution at trial is sufficient to show that the defendant, without provocation, struck the complaining witness on the head with a partially full bottle of wine. The evidence adduced by the defendant, however, tends to establish that the defendant struck the complainant in self-defense, after the complainant had violently pushed him to the ground, and just as the complainant was about to strike him for a second time.

Considering the evidence in a light most favorable to the defendant (see, People v Padgett, 60 NY2d 142, 144-145; People v Watts, 57 NY2d 299, 301; People v Steele, 26 NY2d 526, 529), it is beyond doubt that a justification charge was warranted (Penal Law § 35.15). However, the Trial Judge, over a specific objection by defense counsel, charged the jury only with respect to the circumstances under which *deadly* physical force may be used (Penal Law § 35.15 [2]). This constituted error as a matter of law.

A charge which limits the application of the defense of

justification to those circumstances in which the use of *deadly* physical force would be justified (Penal Law § 35.15 [2]) is warranted only if it may be held, as a matter of law, that the physical force used by the defendant was, in fact, "deadly", that is, "readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11]). In the present case, the jury was properly requested to determine whether the complainant's injuries, which were clearly not life threatening, were, in fact, "serious" (Penal Law § 10.00 [10]). The jury should also have been allowed to determine whether the force admittedly used by the defendant in inflicting those injuries was, as a matter of fact, "deadly". We conclude, in other words, that whether, under all the circumstances presented, the physical force employed by the defendant in this case may properly be characterized as "deadly" was a question of fact for the jury, not a question of law for the court *(see, People v Almodovar,* 62 NY2d 126, 132 [whether offensive use of screwdriver constituted use of deadly force presented question of fact, not to be decided by court]). The jury could have found that the physical force employed by defendant in this case was not "deadly", and it could also have concluded that the defendant's conduct was therefore justified under the provisions of Penal Law § 35.15 (1). The omission of that part of the justification defense from the court's charge therefore must be considered prejudicial.

The evidence also revealed that one of the prosecution witnesses, whose testimony supported that of the complainant, apprehended the defendant as he fled from the scene, and assaulted the defendant. The Trial Judge precluded the defendant from informing the jury of the extent of the injuries which were inflicted upon him during this assault. We believe that such evidence should have been admitted, since it clearly relates to the savagery of the witness's attack on the defendant, and hence to the hostility towards the defendant which this witness might, for whatever reason, harbor.

Finally, the court's charge contained an erroneous statement to the effect that the prosecution's burden was to establish the defendant's guilt to a reasonable certainty *(cf., People v La Rosa,* 112 AD2d 954; *People v Morris,* 100 AD2d 600; *People v Cavallerio,* 71 AD2d 338). Given the probability that the proper standard of proof was nevertheless conveyed to the jury through the language of different portions of the court's charge, this isolated error would not under ordinary circumstances warrant reversal *(cf., People v Blackshear,* 112 AD2d 1044, 1045). However, in light of the other errors which

occurred at trial, this error, in conjunction with those others, may not be considered harmless.

Since the defendant was acquitted of all charges contained in the original indictment, that indictment must now be dismissed *(see, People v Gonzalez,* 61 NY2d 633; *People v Barbot,* 133 AD2d 274, 276). However, since our reversal of the judgment under review in the present case is solely on the law, the People may re-present any appropriate charges to a new Grand Jury *(see, People v Beslanovics,* 57 NY2d 726, *supra; People v Mayo,* 48 NY2d 245; *People v Barbot, supra).* Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.