■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD OGODOR, Appellant. [615 NYS2d 909] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 30, 1991, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was indicted, *inter alia,* on a charge of assault in the second degree on the ground that with intent to cause physical injury to the complainant, he caused that injury by means of a dangerous instrument *(see,* Penal Law § 120.05 [2]). The incident in question took place at an automotive adult learning center, and the charges arose out of an altercation between the defendant, who was a driver's education teacher, and the complainant, who was the principal of the school. In the course of the altercation, the complainant suffered an injury to his forehead and index finger. The underlying facts were sharply disputed.

The evidence adduced through the testimony of the defendant and two eyewitnesses tended to establish that he and the complainant initially became engaged in a verbal altercation. The defendant walked away and got into the driver's seat of his car when the complainant walked over, reached in, slapped him in the face and then scratched him on his hand. The defendant responded by biting the complainant's finger. The complainant then ran into a nearby tool shed, came out with a hammer, and approached the defendant, who responded by grabbing a tire iron and exiting the car. As the complainant raised the hammer to hit him, in one continuous motion the defendant blocked it with the tire iron and hit the complainant "slightly" in the head.

The evidence adduced by the prosecution at trial tended to establish that the defendant, without provocation, struck the complaining witness in the head several times with the tire iron. The People's witnesses failed to account for the injuries suffered by the defendant, and a witness who did not observe the incident indicated that it appeared to her that both the defendant and the complainant had been the victim of some sort of assault.

Considering the evidence in a light most favorable to the defendant (see, People v Padgett, 60 NY2d 142, 144-145; People v Watts, 57 NY2d 299, 301), a justification charge was warranted (Penal Law § 35.15). The Trial Judge charged the jury with respect to the circumstances under which deadly physical force may be used (Penal Law § 35.15 [2]), but refused to charge the jury on the circumstances under which non-deadly physical force may be used (Penal Law § 35.15 [2]). This constituted error as a matter of law.

"A charge which limits the application of the defense of justification to those circumstances in which the use of *deadly* physical force would be justified (Penal Law § 35.15 [2]) is warranted only if it may be held, as a matter of law, that the physical force used by the defendant was, in fact, 'deadly', that is, 'readily capable of causing death or other serious physical injury' (Penal Law § 10.00 [11])" (People v Jones, 148 AD2d 547, 548-549). Under the circumstances presented in this case, the question of whether the force employed by the defendant may properly be characterized as "deadly" was a question of fact for the jury, not a question of law for the court (cf., People v Jones, supra, at 549). The jury could have found that the physical force employed by the defendant was not "deadly", and that the defendant's conduct was therefore justified under the provisions of Penal Law § 35.15 (1). There-

fore, the omission of that part of the justification defense from the court's charge was prejudicial to the defendant.

Given that the evidence was not overwhelming and there is a significant probability that the jury would have acquitted the defendant had it not been for the error which occurred, the error was not harmless (see, People v Ayala, 75 NY2d 422, 431; People v Crimmins, 36 NY2d 230, 241-242).

The defendant's remaining contention is without merit. Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.