■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS MICKENS, Appellant. [631 NYS2d 687] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered March 16, 1993, convicting defendant, after a jury trial, of as-

sault in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent prison terms of $2^{1}/_{2}$ to 5 years and 1 year, respectively, unanimously affirmed.

Evidence at trial was that defendant, angry with the victim, a fellow resident of his single-room occupancy hotel, for washing dishes in a public sink, hit him over the head with a baseball bat in a corridor of the hotel, defendant claiming that he did so in self-defense because he thought the victim had a knife. On appeal, defendant makes various claims of error in the court's charge on justification, all of which are unpreserved for appellate review as a matter of law (CPL 470.05 [2]), and in any event meritless. As for defendant's contention that the court should have charged the jury on the use of ordinary force in self-defense, on this record, for the jury to have found defendant guilty, it necessarily had to find that he used deadly force. As for the instruction that defendant had a duty to retreat before using deadly force, there is no merit to defendant's contention that the hotel corridor where the altercation took place was part of his dwelling and not a public place (*see,* Penal Law § 240.00 [1]; *People v Sullivan,* 7 NY 396; *People v Powell,* 54 NY2d 524, 526) and that he therefore did not have a duty to retreat. Unlike *People v McCurdy* (86 AD2d 493), the hotel hallway here was not restricted to residents or guests by a locked door, but was unlocked and generally accessible. As for the failure to charge that an initial aggressor can regain the right to self-defense by first withdrawing from the encounter, nothing in the record indicates that defendant withdrew after deadly force was used, which, under the court's definition of "initial aggressor" as the person "who first uses or is about to use offensively deadly physical force", could not have been found until defendant hit the victim over the head with the bat. Finally, as for the failure to charge that the jury should put itself in defendant's place in judging the reasonableness of his actions, we find that the instruction to decide whether defendant's beliefs were such that he "could fairly and reasonably have in his situation" adequately conveyed the appropriate legal principles. As this Court noted in *People v Hagi* (169 AD2d 203, 211), "further elaboration about the 'subjective' factors * * * would * * * have been unnecessary in this case since these factors could not reasonably have played any role in the jurors' assessment of the evidence". Indeed, the record indicates that had the jury been specifically instructed with respect to such subjective factors as height, weight, age, and health of the combatants, defendant's position would hardly have been enhanced. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Tom, JJ.