■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH M. KISE, Appellant. [670 NYS2d 238] —Mercure, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 7, 1996, upon a verdict convicting defendant of the crime of assault in the second degree.

On October 22, 1995, defendant spent the afternoon and evening drinking with two friends, Barabara Colunio and June Gallagher. Upon returning home, defendant and Gallagher began to argue; defendant told Gallagher to leave and then fired a rifle in the air after her. Gallagher returned shortly thereafter and the argument continued, resulting in defendant shooting Gallagher in the abdomen. Defendant was ultimately convicted of the crime of assault in the second degree in connection with the incident. Sentenced to a prison term of 3 to 6 years and ordered to pay restitution in the amount of $33,908.09, defendant now appeals.

We reject defendant's contention that her conviction of assault in the second degree was legally insufficient because she did not act recklessly. "A person acts recklessly * * * when he [or she] is aware of and consciously disregards a substantial and unjustifiable risk * * * constitut[ing] a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]). Here, although the record indicates that Colunio appeared to have unloaded the rifle after defendant fired it the first time, because the rifle had an automatic chambering mechanism, one round remained in the chamber. Testimony at the trial established that subsequent to Colunio's action, defendant picked up the rifle stating "stop, I'll shoot". In addition, Christopher Moss, an investigator with the Chemung County Sheriff's office, testified that defendant stated "I wanted to hurt [Gallagher]. If I wanted

to kill her, I'd have shot her in the head." Viewed in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), we conclude that the verdict was legally sufficient. Given defendant's familiarity with the weapon and her inculpatory statements, we find that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" that defendant's conduct was reckless (*People v Bleakley*, 69 NY2d 490, 495; *see, People v Hubert [King]*, 238 AD2d 745, *lvs denied* 90 NY2d 859, 860; *People v Woodbourne*, 237 AD2d 547).

Also unavailing is defendant's contention that County Court abused its discretion in imposing restitution in the amount of $33,908.09. The restitution amount, which was imposed without objection, reflected the medical expenses actually incurred by the victim as a result of the assault; as such, they were properly recoverable (*see*, Penal Law § 60.27 [5] [b]). We find no merit to defendant's remaining contention that the sentence imposed was harsh and excessive.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.