■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GRIFFITH, Appellant. [678 NYS2d 555] —Judgment unanimously affirmed. Memorandum: Defendant was charged with assault in the second degree (Penal Law § 120.05 [2]) for

causing physical injury to another person by striking such person in the face with a dangerous instrument, to wit, a 10-ounce bar glass. At trial, he raised the defense of justification. County Court instructed the jury on the circumstances under which defendant was justified in using deadly physical force (*see,* Penal Law § 35.15 [2]), but refused defendant's request also to charge the circumstances under which defendant was justified in using ordinary physical force (*see,* Penal Law § 35.15 [1]). Considering the evidence in the light most favorable to defendant (*see, People v Padgett,* 60 NY2d 142, 144-145), we conclude that the court erred in refusing to charge the defense of justification under Penal Law § 35.15 (1) with respect to the use of ordinary physical force as a defense to the charge of assault in the second degree (*see, People v Davis,* 118 AD2d 206, *lv denied* 68 NY2d 768; *see also, People v Ogodor,* 207 AD2d 461, 462; *People v Jones,* 148 AD2d 547, 548-549). Nevertheless, we conclude that the error is harmless; the proof of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant but for the error (*see, People v Crimmins,* 36 NY2d 230, 242).

The contention of defendant that he was denied a fair trial based on prosecutorial misconduct has not been preserved for our review (*see, People v Balkum,* 233 AD2d 929, *lv denied* 89 NY2d 939), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court did not err in admitting into evidence a bar glass similar to the one used by defendant in committing the assault.

Finally, there is no merit to defendant's contention that the court's instructions to the jury regarding lesser included offenses were confusing and prejudicial. (Appeal from Judgment of Erie County Court, Drury, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.