■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. [721 NYS2d 633] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered November 3, 1997, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal use of a firearm in the first degree, and sentencing him to concurrent terms of 12½ to 25 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence imposed to concurrent terms of 10 to 20 years, and otherwise affirmed.

In charging the jury on the defense of justification, the court properly included the principle of duty to retreat and properly declined to include the exception to that duty applicable to a person "in his dwelling" (Penal Law § 35.15 [2] [a] [i]). The shooting occurred outside defendant's apartment in an area that was completely accessible to the public as a practical matter. This area did not constitute a part of defendant's "dwelling" for purposes of a justification charge (*People v Duren*, 234 AD2d 560, *lv denied* 89 NY2d 1034; *People v Mickens*, 219 AD2d 543, 544, *lv denied* 87 NY2d 904; *compare*, *People v McCurdy*, 86 AD2d 493; *People v Torres*, 162 AD2d 385, *lv denied* 76 NY2d 897).

Defendant's claim that the court should have instructed the jury on a defense of premises theory of justification pursuant to Penal Law § 35.20 (3) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no reasonable view of the evidence to support defendant's claim that he reasonably believed that deadly physical force was necessary to prevent or terminate an attempted burglary by the decedent (*People v Cox*, 92 NY2d 1002).

We find the sentence imposed to be excessive to the extent indicated. Concur—Tom, J. P., Andrias, Ellerin, Rubin and Saxe, JJ.