■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY DILLARD, Appellant. [811 NYS2d 356]—

Judgment, Supreme Court, Bronx County (Robert L. Cohen, J., at jury trial and sentence; John N. Byrne, J., at resentence), rendered May 17, 2001, as amended June 14, 2004, convicting defendant of manslaughter in the second degree, and sentencing him, as a second felony offender, to a term of 7¹/₂ to 15 years, and order, same court (Robert L. Cohen, J.), entered October 29, 2003, which, to the extent appealed from, denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

Defendant's challenges to the court's justification charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the charge as a whole conveyed the correct legal standards. Contrary to defendant's position, the charge was not deficient for failing to include an instruction to the jury to determine whether defendant used ordinary or deadly physical force, because there was no reasonable view of the evidence that would have supported a finding that defendant used anything but deadly physical force (*see People v Mickens*, 219 AD2d 543 [1995], *lv denied* 87 NY2d 904 [1995]). The court also sufficiently instructed the jury to consider whether defendant's actions were a reasonable response to the actions of the victim and his friends. Therefore, counsel's failure to object to the court's charge on the justification defense did not deprive defendant of effective assistance of counsel under either the federal or state standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even if we were to conclude that an objection should have been made, we would find that the lack of such objection did not cause defendant any prejudice or deprive him of a fair trial. Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.