■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR GARCIA, Appellant. [873 NYS2d 52]—

Judgment, Supreme Court, Bronx County (Darcel D. Clark, J.), rendered June 18, 2008, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.

The court properly denied defendant's request for a justification charge, since there was no reasonable view of the evidence, when viewed in the light most favorable to defendant, that would support that charge (*see People v Watts*, 57 NY2d 299, 301-302 [1982]). It was undisputed that after defendant's stepson, who was unarmed, struck defendant a single blow with his hand, defendant struck his stepson on the head and shoulder with the claw side of a claw hammer, causing significant injuries.

Defendant's conduct constituted deadly physical force within the meaning of Penal Law § 10.00 (11). There was no factual issue for resolution by the jury with respect to whether defendant used deadly or ordinary physical force, and no reason to instruct the jury on the justifiable use of ordinary force (*see People v Mickens*, 219 AD2d 543 [1995], *lv denied* 87 NY2d 904 [1995]). Moreover, in order to convict defendant of second-degree assault by means of a dangerous instrument (Penal Law § 120.05 [2]), the jury essentially had to find that he used deadly force (*see* Penal Law § 10.00 [13]).

As for defendant's use of deadly force, there was no evidence presented by either the People or defendant that defendant reasonably believed such force to have been necessary to defend himself from deadly force. Defendant argues that the evidence supports inferences that he believed that his stepson was armed, and also believed that his wife was about to join the attack. However, there is nothing but speculation to support either the objective or subjective aspects (*see People v Goetz*, 68 NY2d 96 [1986]) of the justification defense (*see People v Hubrecht*, 2 AD3d 289, 290 [2003], *lv denied* 2 NY3d 741 [2004]).

To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.