Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered April 8, 2008, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously affirmed.
The court properly declined to submit third-degree assault as *586 a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that the victim’s physical injuries were caused by something other than being struck with a glass bottle that shattered in his face (see People v Joseph, 23 AD3d 174, 175 [2005], lv denied 6 NY3d 777 [2006]). The location and extent of the injuries, as established by photographs, were incompatible with defendant’s alternate theories of causation, and we reject defendant’s argument to the contrary. Defendant failed to preserve his additional argument that the court’s submission to the jury of certain other counts of the indictment required the further submission of third-degree assault as a lesser included offense, and we decline to review it in the interest of justice.
Defendant did not preserve his challenges to the court’s justification charge, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The court was not required to instruct the jury on the justifiable use of nondeadly force because, even when considered in the light most favorable to defendant, there was no reasonable view of the evidence that he used anything less than “force which, under the circumstances in which it [was] used, [was] readily capable of causing death or other serious physical injury” (Penal Law § 10.00 [11]) when he threw the bottle at the victim’s face (see generally People v Bulla, 13 AD3d 118 [2004], lv denied 4 NY3d 762 [2005]). Moreover, in order to convict defendant of second-degree assault by means of a dangerous instrument (see Penal Law § 120.05 [2]), the jury essentially had to find that he used deadly force (see People v Garcia, 59 AD3d 211 [2009], lv denied 12 NY3d 853 [2009]; People v Mickens, 219 AD2d 543 [1995], lv denied 87 NY2d 904 [1995]). Furthermore, the court’s instructions adequately conveyed the principle that if the jury found that defendant was not guilty of a greater charge on the basis of justification, it was not to consider any lesser counts (see People v Palmer, 34 AD3d 701, 703 [2006], lv denied 8 NY3d 848 [2007]). The difference between the court’s instruction on this subject and the one suggested by defendant on appeal is a matter of form rather than substance.
Defendant’s ineffective assistance of counsel claim is based on his attorney’s failure to challenge the two portions of the court’s justification charge discussed above. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant has *587 not shown that his counsel’s failure to raise these issues was unreasonable, or that there was any reasonable possibility that the verdict would have been more favorable to defendant if the court had instructed the jury in accordance with his present claims. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter, JJ.