■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON DIAZ, Appellant. [901 NYS2d 278]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 17, 2008, convicting him of assault in the first degree (two counts) and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court's charge improperly limited the application of the defense of justification to those circumstances in which the use of deadly physical force would be justified (*see* Penal Law § 35.15 [2]; *People v Ogodor*, 207 AD2d 461, 462 [1994]; *People v Jones*, 148 AD2d 547, 549 [1989]; *cf. People v Figueroa*, 57 AD3d 1003, 1004 [2008]). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt, and there is no significant probability that the jury would have acquitted the defendant but for the error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *see also People v Griffith*, 254 AD2d 753, 754 [1998]; *cf. People v Ogodor*, 207 AD2d at 462-463).

The defendant's contention that the Supreme Court erred in refusing to submit assault in the second degree pursuant to Penal Law § 120.05 (1) as a lesser-included offense of assault in the first degree pursuant to Penal Law § 120.10 (1) is unpre-

served for appellate review (*see People v Battles*, 65 AD3d 1161, 1162 [2009]). In any event, this contention is without merit (*see generally People v Scarborough*, 49 NY2d 364, 371, 373-374 [1980]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83, 86 [1982]).

The defendant's remaining contention is without merit. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.