OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was charged with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). At a jury trial, the People’s witnesses testified that, on the evening of the incident, defendant, while walking up and down the street at a block party, was singing a song about stabbing someone. It was undisputed that, while on the street, defendant was subsequently involved in an altercation with the complainant. The People’s witnesses testified that defendant had been the aggressor and had stabbed the complainant with a knife, which was described by one of the witnesses as a kitchen knife. Medical records introduced at trial established that the complainant was struck in the neck area, near her jugular vein and carotid artery. Defendant insisted that she had been attacked by the complainant first and that the complainant had been choking her when she had reached for an object from a nearby table, which she had then swung at the complainant to ward her off. Defendant denied knowing the exact nature of the object, although she acknowledged that she had been aware that the table had knives and other kitchen utensils on it and that she had “cut” the complainant. At the conclusion of the testimony, the defense requested an ordinary physical force justification jury charge (Penal Law § 35.15 [1]) as well as a deadly physical force justification jury charge (Penal Law § 35.15 [2]). The Criminal Court limited the justification charge to a deadly physical force instruction. Thereafter, the jury returned a verdict convicting defendant of the charged offenses.
Viewing the evidence in the light most favorable to defendant (People v Padgett, 60 NY2d 142, 144 [1983]; People v Watts, 57 *40 NY2d 299, 301 [1982]; People v Steele, 26 NY2d 526, 529 [1970]), we find that the Criminal Court properly denied the defense request for an ordinary physical force justification jury charge and limited the justification defense to a deadly physical force jury charge.
“A charge which limits the application of the defense of justification to those circumstances in which the use of deadly physical force would be justified (Penal Law § 35.15 [2]) is warranted only if it may be held, as a matter of law, that the physical force used by the defendant was, in fact, ‘deadly’, that is, ‘readily capable of causing death or other serious physical injury’ (Penal Law § 10.00 [11])” (People v Ogodor, 207 AD2d 461, 462 [1994], quoting People v Jones, 148 AD2d 547, 548-549 [1989]).
Contrary to defendant’s contentions, there is no reasonable view of the evidence that would support a finding that defendant used anything but deadly physical force (People v Dillard, 26 AD3d 254 [2006]; see also People v Mickens, 219 AD2d 543 [1995]). Based on (1) the witnesses’ and defendant’s own testimony that defendant struck the complainant with an object, which the witnesses identified as a knife, (2) defendant’s admission that she “cut” the complainant, and (3) the medical records establishing that the point of impact was the complainant’s neck, near her jugular vein and carotid artery, it is beyond dispute that the force used was “readily capable of causing death or other serious physical injury” (Penal Law § 10.00 [11]; see also Penal Law § 10.00 [10]; People v Zindle, 48 AD3d 971 [2008]). Thus, as a matter of law, the Criminal Court properly instructed the jury on the defense of justification with respect to the use of deadly physical force (see Penal Law § 35.15 [2] [a]) and denied the requested justification instruction with respect to the use of ordinary physical force (Penal Law § 35.15 [1]; see People v Jones, 24 AD3d 815 [2005]; People v Mothon, 284 AD2d 568, 569 [2001]; People v Davis, 118 AD2d 206, 209-210 [1986]; cf. People v Jones, 148 AD2d at 548-549).
Defendant’s arguments that various parts of the prosecutor’s summation were improper and prejudicial and as such violated defendant’s due process right to a fair trial are unpreserved (see CPL 470.05 [2]; People v Tonge, 93 NY2d 838 [1999]; People v Bran, 82 AD3d 1000 [2011]), as defendant did not timely object to every remark of which she now complains or made only general objections, and, as to the remaining objections, which were *41 sustained, she failed to request a further curative instruction or move for a mistrial (see People v Medina, 53 NY2d 951 [1981]; People v Canteen, 30 Misc 3d 132[A], 2010 NY Slip Op 52351[U] [App Term, 2d, 11th & 13th Jud Dists 2010]). Moreover, the court explained in its instructions to the jury that summations were not evidence (see People v Williams, 28 AD3d 1059 [2006], affd 8 NY3d 854 [2007]). In any event, we find that defendant was not deprived of her due process right to a fair trial.
Accordingly, the judgment is affirmed.
Pesos, EJ., Rios and Aliotta, JJ., concur.