■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. POWELL, Appellant. [956 NYS2d 294]—

Rose, J.

Defendant challenges the legal sufficiency and weight of the evidence as to the elements of recklessness and serious physical injury (*see* Penal Law § 120.05 [4]). The evidence, when viewed in the light most favorable to the People (*see People v Ramos*, 19 NY3d 133, 136 [2012]; *People v Santi*, 3 NY3d 234, 246 [2004]), establishes that the victim, who had also been a patron of the event, saw the confrontation between defendant and the

drunken patron, approached them and intervened by pushing defendant away. A group of patrons then gathered at the scene and various witnesses testified that, as defendant began to walk away and had gotten no more than five feet or so from the group, he turned and threw his plastic cup at them, hitting the victim in the forehead with such force that the cup shattered. The medical evidence established that the victim sustained fractured bones in her face and a four-inch laceration running down her forehead from her hairline to her nose. A plastic surgeon was called to suture the wound due to its depth and complexity. Pictures of the victim soon after the injury were entered into evidence and the jury was able to observe the victim's facial scar as it appeared at the time of trial.

We are satisfied that legally sufficient evidence supports the jury's finding that defendant was aware of and consciously disregarded a substantial risk that throwing the cup toward the group could cause it to hit someone and shatter into shards, as he had just witnessed the drunken patron throw his own cup, causing it to shatter on the ground. Thus, the jury could reasonably conclude that defendant's conduct was reckless (*see* Penal Law § 15.05 [3]; *People v Adolph*, 299 AD2d 257, 257 [2002], *lv denied* 99 NY2d 579 [2003]; *People v Kise*, 248 AD2d 818, 818-819 [1998]; *People v Holden*, 188 AD2d 757, 760 [1992], *lv denied* 81 NY2d 887 [1993]).

Further, considering the size and location of the victim's scar, the evidence was sufficient to support the conclusion that she suffered a "serious and protracted disfigurement" (Penal Law § 10.00 [10]; *see People v Nesbitt*, 89 AD3d 447, 450 [2011]; *People v Richardson*, 57 AD3d 410, 410 [2008], *lv denied* 12 NY3d 787 [2009]; *People v Martinez*, 257 AD2d 667, 667 [1999], *lv denied* 93 NY2d 974 [1999]). Inasmuch as a different verdict would not have been unreasonable, we have also viewed the evidence in a neutral light, with appropriate deference to the jury's credibility determinations, and conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Smith*, 66 AD3d 1223, 1224 [2009], *lv denied* 14 NY3d 773 [2010]).

We must agree with defendant, however, that Supreme Court committed reversible error by denying his request for a justification charge allowing the jury to determine whether he was justified in using ordinary physical force in self-defense (*see* Penal Law § 35.15 [1]). An instruction that a person may use physical force in self-defense must be given if there is any reasonable view of the evidence, when it is considered in the light most favorable to the defendant, that would allow the jury to conclude

that the defendant's actions were justified (*see People v Petty*, 7 NY3d 277, 284 [2006]; *People v McManus*, 67 NY2d 541, 549 [1986]; *People v Curry*, 85 AD3d 1209, 1211 [2011], *lv denied* 17 NY3d 815 [2011]). "The defense does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful" (*People v McManus*, 67 NY2d at 546 [citations omitted]).

When viewed in the light most favorable to defendant, his testimony and that of his girlfriend established that they left the event after the crowd became upset at the outcome of the game and they heard racial epithets used in reference to the Ghana team. They walked down a street near the drunken patron who then used an obscenity coupled with a racial epithet as he threw his plastic cup to the ground. Defendant testified that he became upset, got face-to-face with the patron and yelled at him, but did not grab or hit him. Defendant made a threatening "fake out" motion, as though he was going to punch the patron, who then flinched, causing the two of them to inadvertently butt heads. Defendant and his girlfriend both denied that the victim intervened or that they were even aware that she was present. Instead, according to them, defendant's girlfriend pulled him away from the patron and, after they started walking away, they heard a group of people approaching from behind them, shouting, swearing and making threatening remarks toward defendant. Defendant continued walking away at a fast pace as the group of 8 or 10 people started following him and yelling that they were going to beat him up. Defendant's girlfriend was afraid for him and told him to continue on without her because she was unable to walk fast enough in her heeled sandals and was slowing him down. She testified that, as defendant continued walking away, and was at a distance of about 100 yards from the original confrontation, she saw him throw his beer cup back over his shoulder in the direction of his pursuers, who were then approximately 30 feet behind him. Defendant claimed that he threw the plastic cup in an attempt to impede the progress of the people coming after him.

Supreme Court declined to give the requested justification charge based in part on its conclusions that there was no reasonable view of the evidence that defendant was in imminent or immediate danger of physical injury and that there was substantial evidence that defendant was the initial aggressor. The court also declined to give the charge based on the presence of the dangerous instrument element in all of the charges except a lesser included one, reasoning that the jury would necessarily

find that defendant used deadly force rather than ordinary force if it concluded that he used a dangerous instrument and, therefore, a defense of justified use of ordinary force would, in the court's view, be incompatible with any of the charges involving the element of a dangerous instrument.

We cannot agree. The testimony by defendant and his girlfriend that a crowd was following him and threatening to beat him up as he sought to leave the area, considered in the light most favorable to defendant, supports a conclusion that he believed physical force was necessary to defend against the imminent use of physical force and that a reasonable person would have the same belief under the circumstances (*see* Penal Law § 35.15 [1]; *Matter of Y.K.*, 87 NY2d 430, 433-434 [1996]). Moreover, even concluding that defendant was the initial aggressor toward the drunken patron he had confronted, the evidence, again viewed in the light most favorable to defendant, would support a finding that he withdrew from that encounter prior to his subsequent use of force against his pursuers (*see* Penal Law § 35.15 [1] [b]; *People v Porter*, 177 AD2d 1001, 1002 [1991], *lvs denied* 79 NY2d 862, 922 [1992]).

Likewise, the nature of the force used by defendant against the group pursuing him was a factual issue for the jury. If the jury accepted defendant's version of events, he did not throw the beer cup with deadly physical force but merely tossed it over his shoulder in the direction of the pursuers in an attempt to slow their pursuit. Under these circumstances, the jury could have concluded that defendant used no more than ordinary physical force and was justified in doing so (*see People v Ogodor*, 207 AD2d 461, 462 [1994]; *People v Jones*, 148 AD2d 547, 549 [1989]).

Further, we cannot agree with Supreme Court's reasoning that the jury's consideration of the elements of the defense must be correlated and compatible with the elements of the crime. Instead, the opposite is true. "The defense must not be viewed as one that operates to negate or refute an aspect of the crime charged. Rather, if the People fail to disprove justification, the use of force is deemed lawful and the defendant is entitled to an acquittal" (*People v McManus*, 67 NY2d at 548-549 [citation omitted]). Notably, Supreme Court agreed that the plastic beer cup was not a dangerous instrument as a matter of law. In our view, whether defendant employed ordinary force in using the cup to defend himself should have been a jury issue as well. As this issue was for the jury, defendant was entitled to a justification charge involving the use of ordinary physical force (*see People v Diaz*, 71 AD3d 1158, 1158 [2010], *lv denied* 15

NY3d 804 [2010]; *People v Griffith*, 254 AD2d 753, 754 [1998]; *compare People v Mothon*, 284 AD2d 568, 569 [2001], *lv denied* 96 NY2d 865 [2001]).

In support of their contention that an ordinary physical force justification charge cannot be given where a dangerous instrument is alleged to have been used, the People rely on *People v Garcia* (59 AD3d 211, 212 [2009], *lv denied* 12 NY3d 853 [2009]), *People v Artica* (39 AD3d 1186, 1187 [2007]), *People v Marzug* (280 AD2d 974, 974 [2001], *lv denied* 96 NY2d 904 [2001]), *People v Vecchio* (240 AD2d 854, 855 [1997]) and *People v Mickens* (219 AD2d 543, 544 [1995], *lv denied* 87 NY2d 904 [1995]). In our view, however, these cases stand for no more than the well-settled principle that a justification charge is not warranted where there is no reasonable view of the evidence to support it (*compare People v Griffith*, 254 AD2d at 754, *People v Brunson*, 226 AD2d 1093, 1094 [1996], *lv dismissed* 88 NY2d 981 [1996], *and People v Davis*, 118 AD2d 206, 210 [1986], *lv denied* 68 NY2d 768 [1986], *with People v Bulla*, 13 AD3d 118, 118-119 [2004], *lv denied* 4 NY3d 762 [2005]; *see also People v Adolph*, 299 AD2d at 257). Under the factual circumstances of this case, there is a reasonable view of the evidence supporting the justification charge and, accordingly, it should have been given.

Inasmuch as the jury was presented with sharply conflicting versions of the relevant events and the evidence disproving justification was not overwhelming, we do not find the failure to give the justification charge to be harmless error (*see People v Rodriguez*, 16 NY3d 341, 347 [2011, Lippman, Ch. J., dissenting in part]; *compare People v Diaz*, 71 AD3d at 1158; *People v Griffith*, 254 AD2d at 754). We therefore remit for a new trial. The remaining issues raised by defendant are rendered academic in light of our decision.

Mercure, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.