People v Stokes (2018 NY Slip Op 01354)





People v Stokes


2018 NY Slip Op 01354


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

106264

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH M. STOKES, Appellant.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Rounds & Rounds Attorneys at Law, LLP, Kingston (Bryan E. Rounds of counsel), for appellant.
Jason Kovacs, Special Prosecutor, Kingston, for respondent.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 25, 2012, upon a verdict convicting defendant of the crimes of burglary in the first degree (three counts) and assault in the second degree.
In May 2011, defendant received a telephone call from his son indicating that he had gotten into a fight at a house party and needed a ride home. Defendant and his friend, Ralph Layton, then drove over and picked up defendant's son a few blocks away from the residence where the fight had taken place. Rather than drive his son home, defendant, along with Layton and defendant's son, returned to the location where the fight occurred, kicked open the front door of the residence and stormed upstairs to confront the son's teenage assailant (hereinafter the victim) in
his bedroom. After defendant's son identified the victim as the person with whom he had fought, defendant, a competitive bodybuilder, proceeded to strike the victim in the forehead with a heavy, 12-to-18-inch long Maglite flashlight.
In October 2011, defendant was charged in a four-count indictment with three counts of burglary in the first degree and one count of assault in the second degree [FN1]. Following a jury trial, [*2]defendant was convicted as charged. Defendant was thereafter sentenced to an aggregate prison term of 12 years, to be followed by five years of postrelease supervision. Defendant now appeals.
Defendant failed to preserve his challenge to the legal sufficiency of the evidence adduced with regard to assault in the second degree (count 2) and two counts of burglary in the first degree (counts 3 and 4) because he only made a general motion for a trial order of dismissal (see CPL 290.10 [1]; 470.15 [2] [a]) — he did not specifically challenge whether defendant inflicted the subject injury by means of a dangerous instrument (see Penal Law § 10.00 [13]; People v Gragnano, 63 AD3d 1437, 1439-1440 [2009], lv denied 13 NY3d 939 [2010]) or whether the victim sustained a serious physical injury (see Penal Law § 120.05 [2]; People v Heyliger, 126 AD3d 1117, 1118 [2015], lv denied 25 NY3d 1165 [2015]). Nor did defendant preserve for appellate review his challenge to the legal sufficiency of the evidence with regard to count 4 and his claim that the People failed to establish that defendant knew that Layton possessed or intended to use a knife (see generally People v Lancaster, 143 AD3d 1046, 1047 [2016], lv denied 28 NY3d 1147 [2017]).
Defendant similarly failed to preserve for review his contention that County Court erred when it failed to properly instruct the jury on the charge of justification for the three burglary counts (counts 1, 3 and 4). Defendant's counsel only requested a justification charge with respect to count 2, charging defendant with assault in the second degree. Nor did defendant otherwise interpose any objection to the proposed jury charge during either the charge conference or at any time after the court had delivered its instructions to the jury (see People v Soriano, 121 AD3d 1419, 1423 [2014]; People v Brunson, 68 AD3d 1551, 1553 [2009], lv denied 15 NY3d 748 [2010]).
We find unpersuasive defendant's contention that he was deprived of the effective assistance of counsel based upon his counsel's failure to object to County Court's justification charge or to request a justification charge with regard to the three burglary counts. Even assuming, without deciding, that County Court erred by providing the jury with a justification charge for both ordinary force and deadly force with respect to count 2 (see People v Ramirez, 118 AD3d 1108, 1112 [2014]), any such error was harmless in light of the overwhelming evidence of defendant's guilt and the fact that there was no significant probability that the jury would have acquitted defendant but for such an error (see People v Diaz, 71 AD3d 1158, 1158 [2010], lv denied 15 NY3d 804 [2010]; People v Griffith, 254 AD2d 753, 754 [1998]). Moreover, even if defendant had requested a justification charge with respect to the three burglary counts, there was no reasonable view of the evidence that would support a justification charge or permit the jury to conclude that defendant's conduct was justified under the circumstances (see People v Cox, 92 NY2d 1002, 1005 [1998]; People v Taylor, 150 AD3d 768, 769 [2017], lv denied 29 NY3d 1134 [2017]; People v Andrews, 78 AD3d 1229, 1231 [2010], lv denied 16 NY3d 827 [2011]). Defense counsel's assistance, therefore, cannot be said to be ineffective inasmuch as he had no obligation to make a motion or render an objection "that ha[d] little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Smith, 157 AD3d 978, 981 [2018]). Having reviewed the record of the underlying proceedings, we find that defendant otherwise received meaningful representation (see People v Stultz, 2 NY3d 277, 283 [2004]; People v Criss, 151 AD3d 1275, [*3]1280-1281 [2017], lv denied 30 NY3d 979 [2017]). Defendant's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Devine, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's teenage son and Layton were both charged in the same four-count indictment. Layton ultimately pleaded guilty to burglary and, as part of his negotiated plea, testified against defendant at trial. Upon motion, defendant's trial was later severed from his son's trial.