People v Howard (2025 NY Slip Op 03260)

People v Howard

2025 NY Slip Op 03260

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Ind. No. 4275/15|Appeal No. 4462|Case No. 2017-2599|

[*1]The People of the State of New York, Respondent,
v
Tyrone Howard, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered April 3, 2017, convicting defendant, after a jury trial, of aggravated murder, murder in the first degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree (four counts), reckless endangerment in the first degree, and criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to an aggregate prison term of life without parole, unanimously affirmed.
The court providently denied defendant's request for a justification charge, because there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support either the objective or subjective aspects of that charge (see People v Goetz, 68 NY2d 96 [1986]). Such a defense would have called upon the jury to speculate as to a version of the events that was not supported by the evidence (see People v Garcia, 59 AD3d 211, 212 [1st Dept 2009], lv denied 12 NY3d 853 [2009]).
Defendant did not preserve his claim that the court should have given the jury full statutory definitions of the terms "deprive" and "appropriate" set forth in subdivisions (3) and (4) of Penal Law § 155.00, and we decline to review his claim in the interest of justice. As an alternative holding, we find no basis for reversal. While it can be inferred that defendant stole the victim's bicycle at gunpoint to effectuate a speedy flight from the area where he had just engaged in a shoot-out with three men, that inference did not support a finding that he only intended to take the bicycle temporarily (see generally People v White, 235 AD3d 506 [1st Dept 2025]; People v Lacen, 229 AD3d 435, 435-436 [1st Dept 2024]). The evidence supported the conclusion that defendant either intended to deprive the victim of the bicycle permanently, or that he intended "to dispose of the property in such manner or under such circumstances as to render it unlikely" that the victim would recover it.
In any event, there was no reasonable possibility that the lack of full definitions of deprive and appropriate had any effect on the verdict. For similar reasons, and to the extent reviewable on the current record, the failure to request those definitions could not have caused defendant any prejudice and did not deny him the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668, 694 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025